UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FRANCISCO BORJAS,
   Plaintiff,

vs.                                   No. 07-1017

EDDIE JONES, et.al.,
   Defendants

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Francisco Borjas, has submitted his complaint pursuant to 42 U.S.C. §1983 against three defendants at Pontiac Correctional Center: Warden Eddie Jones, Doctor Zhang and Dr. Mahone. The plaintiff claims the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.

The plaintiff says on June 22, 2006, he injured his knee in his cell. The plaintiff says he has seen Dr. Zhang five times since then and he has seen Dr. Mahone twice. The plaintiff says his most recent visit was on January 7, 2007 with Dr. Zhang. The court notes that this plaintiff filed his lawsuit on January 18, 2007.

The plaintiff says the defendants claim his knee is inflamed. However, "the nurses, cmts, the head of psychiatry - Dr. John Garlic, the Psychiatrist Dr. Fisher, and the Therapist- A. Angus have seen by injury, believe I need medical attention." (Comp., p. 3) In addition, the plaintiff says Dr. Garlic and A. Angus have talked to the defendants about the plaintiff's knee on his behalf.

The plaintiff says he cannot "squat down further than the toilet and that gives me a lot of pain and trouble." (Comp., p. 3) The plaintiff says his knee joint cracks and pops in different areas and it causes him a lot of pain. The plaintiff says he "feels like I am in serious danger of suffering a much more serious injury." (Comp., p. 3)

The court notes that the plaintiff claims on page 3 of his complaint that the defendants have not prescribed any medical for his injury. On page 4 of his complaint, the plaintiff states that "when I have been offered pain relievers by Dr. Mahone, I have declined because of fear I will not feel the injury done to the tissues." (Comp., p. 4)

1

The plaintiff says he has not participated in out-of-cell exercise from April of 2006 until November of 2006.  The court notes the plaintiff stated he injured his knee in late June of 2006, so its not clear why the plaintiff was missing exercise time prior to this date.   The plaintiff says since November, he does go outside. "I am able to jog carefully, but I cannot walk without pain and I cannot walk correctly, I am crippled." (Comp, p. 4)

The plaintiff is asking the court to order the Illinois Department of Corrections to "have me seen by a specialist who will correct my injury." (Comp, p. 4)

The plaintiff has failed to state a claim upon which relief can be granted..  The plaintiff must pass both an objective and a subjective test in order to establish that the lack of appropriate medical care violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. *Id.*  The plaintiff must also show that the defendants acted with deliberate indifference.   *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)

Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *Ford v. Page*, 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001). "Further, dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not constitute an Eighth Amendment claim of deliberate indifference.  Also, mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference*." Jones v. Natesha,*151 F.Supp.2d 938, 945 (N.D.Ill.,2001), *citations omitted*.
A prisoner does not have a constitutional right to choose his treatment and the court will not second-guess matters of professional judgment. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir.1996).

Assuming the plaintiff does suffer from a serious medical condition, the plaintiff has not alleged that the defendants have been deliberately indifferent to his condition, only that he disagrees with the diagnosis and treatment.  By the plaintiff's own statement of the facts, he has seen the doctors seven times in seven months concerning his knee and he has refused the pain medication that has been offered to him.

In addition, the only relief sought by the plaintiff is a court order that he be allowed to see a specialist.  Inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997)

The plaintiff has failed to state a claim upon which relief can be granted and his case will be dismissed.  In addition, the court notes that the plaintiff has filed a motion to proceed in forma pauperis.  The plaintiff has correctly informed the court that he has earned "three strikes"

pursuant to Title 28, United States Code, Section 1915.[1]  The court will not address the motion to proceed in forma pauperis since the plaintiff has failed to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED that:**

    **1) The case is dismissed in its entirety for failure to state a claim upon which relief can be granted.  The case is terminated without  prejudice.**

    **2) All pending motions are denied as moot. [d/e 1 ]**

    **3) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.**

    **4) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

    **5) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

    **6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this _6th__ day of March, 2007.

                       **s/ Harold A. Baker**
                 _____
                         HAROLD A. BAKER
                    UNITED STATES DISTRICT JUDGE

---

[1] *See Borhas v. Page,* 129 F.3d 1267 (7th Cir. October 28, 1997) (Our interpretation of 28 U.S.C. §1915 (g) mandates that Borjas be assigned two strikes: one for filing this frivolous action in the district court and one for this appeal."); in the Southern District of Illinois: *Borjas v Page,* Case No. 96-0520, *Borjas v. Haws, et. al.,* Case. No. 93-0314; in the Northern District of Illinois: *Borjas v. Drew, et al.,* Case No. 92-20330, *Borjas v. O'Neal, et.al.,* Case. No. 92-20319